# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SOCIALCOASTER, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:24-cv-00450 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| KELI NETWORK, INC., ) | MAGISTRATE JUDGE NEWBERN |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the Court is Defendant Keli Network, Inc.'s ("Defendant") motion to dismiss. (Doc. No. 15). Plaintiff SocialCoaster, Inc. ("Plaintiff") filed a response in opposition (Doc. No. 18), Defendant filed a reply (Doc. No. 20), and Plaintiff filed a sur-reply (Doc. No. 24). For the reasons discussed below, the motion will be **DENIED**.

## I. FACTUAL BACKGROUND

Plaintiff is a "tech-centric media publisher" and "entertainment studio" that "acquires rights in and monetizes online viral videos…[and] obtains exclusive intellectual property rights in these videos." (Doc. No. 1 ¶ 1). Defendant is "an entity in the business of generating and exploiting online content." (*Id.* ¶ 2).

Plaintiff acquired intellectual property rights in 165 online videos (the "Videos") pursuant to Exclusive License Agreements ("ELAs") with the original creators of each of the Videos. (*Id.* ¶¶ 7, 11). Plaintiff obtained "an exclusive, sub-licensable, transferable, royalty-free and irrevocable license" of the Videos and the ELAs provided rights to Plaintiff, including the rights to "manage, use, refrain from using, or alter the [Videos] by any and all methods or means" and "to use the [Videos] [] 'in Media and throughout Distribution Channels, by itself, its successors or assigns, for any purpose whatsoever as Licensee in its sole discretion may determine.'" (*Id.* ¶ 13) (internal

citations omitted). The ELAs grant Plaintiff the right to engage in copyright enforcement actions with regard to the Videos. (*Id.* ¶ 14).

Plaintiff alleges that the original creators of the Videos represented and warranted that they "ha[d] the full right, power and authority to enter into, full [sic] perform, and grant the rights under Section I[,]" that they "[were] the sole and exclusive owner of the entire worldwide right, title and interest (including the copyrights and all property rights) in and to" the Videos, and that they "ha[d] not previously entered into any other agreement in connection with the [Videos] and has [sic] not done or permitted to be done anything which may curtail or impair any of the rights granted" to Plaintiff. (*Id.* ¶¶ 16-18). Plaintiff alleges that it applied for and received copyright registrations for the Videos. (*Id.* ¶ 19).

Plaintiff alleges that Defendant repeatedly posted and monetized Plaintiff's "exclusively licensed materials, including the [Videos], on [Defendant's] own social media pages and accounts." (*Id.* ¶ 26). Plaintiff alleges that it issued a takedown notice to the relevant digital service provider for each of the Videos and reached out to Defendant on multiple occasions to attempt to resolve Defendant's "continued infringement of [Plaintiff's] intellectual property, including the [Videos]." (*Id.* ¶¶ 27-28). Plaintiff alleges that Defendant agreed to remove the Videos in some cases but refused to do so in other instances and "would request that [Plaintiff] allow the post to remain online despite [Defendant's] lack of any rights in the material, or would ignore [Plaintiff's] communications on the issue." (*Id.* ¶¶ 29-30). Plaintiff alleges that Defendant's "continued posting and monetization of the Content constitutes copyright infringement." (*Id.* ¶ 31). Plaintiff also states that "in many instances where [Plaintiff] would reach out to [Defendant] as a part of its rights management process, [Plaintiff] would provide [Defendant] a copy of its relevant ELA and request that [Defendant] provide [Plaintiff] with any such similar documentation from

2

[Defendant]" and "[i]f [Defendant] would respond, at all, to this request, it would provide nothing more than a screenshotted image of an online direct message between a [Defendant] account and the content creator requesting use of the subject video. Rarely would these images include dates, timestamps, or any other information relevant to determining whether [Defendant's] nonexclusive rights in the material predated [Plaintiff's] exclusive rights or vice versa." (*Id.* ¶¶ 34-35). Plaintiff alleges that "[d]uring no point during the rights management process for any of the [Videos] did [Defendant] provide [Plaintiff] with any documentation, similar to the ELAs, which would have granted [Defendant] exclusive rights in any of the material comprising" the Videos and "[Defendant] has made multiple posts and reposts of the same infringing material to different social media pages," many of which Plaintiff alleges occurred after it submitted a takedown request to the digital service provider to remove the original post. (*Id.* ¶¶ 36-37).

Plaintiff brings a copyright infringement claim against Defendant and alleges that "[g]iven the pervasive nature and scope of [Defendant's] infringement, its relative size and prominence in this industry, the haphazard nature in which it procured, or failed to procure, rights in the materials it posted, and its actions in continuing to post or repost infringing content which had been previously been taken down or flagged as a result of [Plaintiff's] DMCA takedown notices to the DSP, [Defendant's] infringements are willful and intentional in this case." (*Id.* ¶ 41).

On July 19, 2024, Defendant filed the pending motion to dismiss under Fed. R. Civ. P. 12(b)(7) and 19 on the grounds that Plaintiff failed to join necessary and indispensable parties to this action. (Doc. No. 15).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(7) allows a defendant to move for dismissal for "failure to join a party under Federal Rule of Civil Procedure 19." *Young v. WH Administrators,*

*Inc.*, No. 117CV02829STAEGB, 2018 WL 4016451, at *2 (W.D. Tenn. Aug. 22, 2018) (internal citations omitted). "In a motion to dismiss under Rule 12(b)(7), just as is the case under Rule 12(b)(6), the Court accepts Plaintiff's allegations as true and draws all reasonable inferences in his favor." *Id*. (internal citations omitted).

The Sixth Circuit has recognized that "[t]he Court's analysis under Rule 19 involves two steps: (1) the Court must determine whether the absent parties are required parties; and if so, (2) the Court must determine whether, in their absence, equity and good conscience require the case to be dismissed." *Id.* "'If the answer to either question is no, then Rule 19 does not' require dismissal." *Id.* (internal citation omitted). "The first step of this inquiry is set out in Rule 19(a), which provides that an absent party is required for joinder if (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *Id.* (internal citation omitted).

The Sixth Circuit has held that "[i]f the Court finds that an absent party is required but that joinder is not feasible, then the Court must proceed to the second step, which is governed by Rule 19(b)" and "the Court 'must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.'" *Id.* (internal citation omitted). "In doing so, the Court should consider the following factors: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's

absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." *Id.* (internal citation omitted).

Moreover, "Rule 19 calls for a pragmatic approach; simply because some forms of relief might not be available due to the absence of certain parties, the entire suit should not be dismissed if meaningful relief can still be accorded." *Keweenaw Bay Indian Cmty. v. State*, 11 F.3d 1341, 1346 (6th Cir. 1993) (internal citation omitted). The Sixth Circuit has recognized that "[u]ltimately… 'the burden is on the moving party to show the nature of the unprotected interests of the absent individuals [or organizations] and the possibility of injury to them or that the parties before the court will be disadvantaged by their absence.'" *Young*, 2018 WL 4016451, at *3 (internal citations omitted). "The moving party may satisfy this burden through the production of affidavits or other relevant extra-pleading evidence." *Reilly v. Meffe*, 6 F. Supp. 3d 760, 774 (S.D. Ohio 2014) (internal quotations omitted).

Notably, "a motion to dismiss….is generally not the appropriate vehicle to dismiss a claim based on an affirmative defense" because "as with all affirmative defenses, it is the burden of the defendant to prove the elements of the defense." *Mixon v. Trott L., P.C.*, No. 19-1366, 2019 WL 4943761, at *2 (6th Cir. 2019). A plaintiff typically does not have to anticipate or negate an affirmative defense to survive a motion to dismiss. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). However, an affirmative defense can be the basis for dismissal if "the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief." *Est. of Barney v. PNC Bank, Nat. Ass'n*, 714 F.3d 920, 926 (6th Cir. 2013) (citation omitted).

### III. ANALYSIS

Defendant contends that the original creators are necessary parties under Rule 19(a)(1)(B)(i). Rule 19 (a)(i)(B)(i) states that a party must be joined if that party "claims an interest

5

relating to the subject of the action" and disposing of the action in that party's absence "may as a practical matter impair or impede the person's ability to protect the interest."

Defendant contends that the creators have an "interest" in this lawsuit. In its reply, Defendant also notes that the "interest" for Rule 19 purposes is broader than an "interest" under the Copyright Act. (Doc. No. 20 at PageID # 146). The Court agrees. Accordingly, it is not difficult to conclude that the creators have some interest in this lawsuit given that Plaintiff is suing for infringement of the creators' works.

The danger to the creators' "ability to protect the interest" under 19(a)(1)(B)(i), however, is problematic for Defendant. Defendant argues that the creators will be subject to collateral estoppel if they are not joined in this action. In support of its argument, Defendant appears to contend that the Court in this action must determine whether and to what extent the creators breached the ELAs by licensing the Videos to Defendant. Specifically, Defendant argues that "in this action, not only do the Creators face potential liability to Jellysmack in connection with non-exclusive licenses granted to Jellysmack for the videos at issue, but also to SocialCoaster for breach of contract and indemnification obligations" and "whether or not the Creators breached the purported ELAs with SocialCoaster by granting non-exclusive licenses to Jellysmack to use the same videos (before or after the ELAs) is at the heart of this lawsuit." (Doc. No. 16 at PageID # 66, 67). Defendant contends that if the creators are not joined in this action they "will not have the ability to defend themselves or make their own case." (*Id.* at PageID # 67). Defendant also argues that "SocialCoaster claims to represent the interests of (and stand in the shoes of) the Creators as their attorney-in-fact – a status to which it supposedly appointed itself" and that "[i]f the Creators have actually authorized SocialCoaster to appoint itself as their 'attorney in

6

fact'…then they likely will be estopped as a result of Plaintiff's actions in this lawsuit." (*Id.* at PageID # 68, 73).

The Court does not agree. Defendant asks the Court to assume: (1) Defendant will assert a license defense and that defense may prevail; (2) whoever prevails will either sue the creators or be sued by the creators; and (3) if the creators sue an existing party or are sued by an existing party, an estoppel defense may be asserted which could have been avoided if the creators were made parties to this action. While a Rule 19 analysis requires, to some extent, the Court to analyze hypothetical lawsuits and scenarios to determine if any interested party should be added, the hypothetical journey Defendant invites the Court to take ventures too far from the claims and facts asserted in the Complaint, which must be accepted as true. The Court also notes that the briefing between the parties has strayed far from the Rule 19 analysis. Further, Defendant's argument regarding various scenarios and how they may impact the creators depends entirely on a defense forecasted by Defendant – that it also had licenses, albeit non-exclusive ones, and its claimed rights require the creators to be present because they purportedly granted those licenses, thereby having a potential for their rights to be impacted by an adjudication of the competing licensing rights.

Defendant's argument ventures away from accepting the allegations of the Complaint as true and instead is anchored in a defense – license – that has not been asserted in a pleading and even if it had been, would give way to the allegations in the Complaint that the Court must accept as true. Returning to those allegations, Plaintiff claims to be the exclusive licensee of the creators' works at issue and, under the ELAs, has the right to bring copyright infringement actions related to the works. (Doc. No. 1 ¶¶ 13–14).

To assuage Defendant's fears, the Court does not expect, based on its limited understanding of the claims and defenses in this case, to adjudicate issues concerning breach of contract claims.

Based on the Complaint – and acknowledging that Defendant has not yet filed an Answer – it appears the Court will be asked to decide whether Defendant exploited the works at issue in violation of the Copyright Act. In so doing, the Court may have to consider the validity of claimed licenses but does not expect to adjudicate whether the creators breached licenses to decide the issues in this case.[1]

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (Doc. No. 15) is **DENIED**.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Because Defendant failed to establish that the creators are necessary parties, the Court does not need to address Defendant's argument regarding whether equity and good conscience require dismissal. Nor is the Court persuaded by Defendant's argument that (1) the creators should be required to join in this action as Plaintiffs or (2) Plaintiff should be required to serve notice of the suit on the creators and provide them an opportunity to join.